IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-mc-00015-MR-WCM
[CRIMINAL CASE NO. 4:98-cr-00212-MR-1]

| | |
|---|---|
| DWIGHT A. RUDISILL, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Petition to Perpetuate Testimony [Doc. 2-4] and Petitioner's Motion to Proceed in Forma Pauperis [Doc. 4].

## I. PROCEDURAL HISTORY

On July 8, 1998, the Petitioner Dwight A. Rudisill ("Petitioner") was charged in a four count Bill of Indictment with carjacking, using a firearm during a crime of violence, transporting a stolen vehicle in interstate commerce and felony possession of a firearm, in violation of 18 U.S.C. § 2119, 924(c)(1), 2312, and 922(g), respectively.[1]  [Criminal Case No. 4:98-

---

[1] Some of the statutory citations have changed since Petitioner's indictment.  The Court cites the statutes in their current form.

cr-212 ("CR"), Doc. 1]. Petitioner pled guilty to the charge of carjacking pursuant to a plea agreement and, in exchange, the Government dismissed the remaining three counts. [CR Doc. 14]. In accordance with the terms of the plea agreement, the Petitioner was sentenced to three hundred months' imprisonment. [CR Doc. 21]. He filed a direct appeal and, on May 15, 2000, the Fourth Circuit vacated Petitioner's conviction because the Indictment did not contain a recitation that serious bodily injury had occurred during the carjacking offense to which the Petitioner pled guilty. United States v. Rudisill, No. 99-4588, 2000 WL 620314 (4th Cir. May 15, 2000) (citing Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215 (1999)). Rather, the Petitioner only pled guilty to a violation of 18 U.S.C. § 2119(1), which does not include the element of serious bodily injury. The Court held, therefore, that the sentence was erroneously imposed. Id.

On remand, the Government successfully moved to set aside the plea agreement to reinstate the three counts previously dismissed against Petitioner. [CR Doc. 34]. In August 2000, Petitioner was charged in a Superseding Bill of Indictment with one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1), one count of transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312, and one count of felony possession of a firearm in violation of 18

U.S.C. § 922(g)(1). [CR Doc. 35]. After a jury trial, Petitioner was found guilty of all three counts and was sentenced on October 31, 2001 to 465 months' imprisonment. [CR Docs. 55, 63]. Petitioner did not appeal his conviction or sentence. [See CR Doc. 59]. Since then, Petitioner has thrice unsuccessfully moved pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction or sentence. [Civil Case No. 1:09-cv-262, Docs. 1, 2; Civil Case No. 1:10-cv-253, Docs. 1, 3; Civil Case No. 1:19-cv-112, Docs. 1, 9].

Now before the Court is Petitioner's unverified Petition to Perpetuate Testimony pursuant to Rule 27(a) of the Federal Rules of Civil Procedure.[2] [Doc. 2-4; see Doc. 2-8]. In his petition, Petitioner seeks to perpetuate testimony of Assistant United States Attorney (AUSA) David A. Brown in relation to Brown's knowledge of and role in the criminal charges against Petitioner for violation of 18 U.S.C. § 2119 "or any other federal offense," including the related grand jury proceeding. [Doc. 2-4 at 3]. Petitioner states that he expects to bring an action in this Court "under the Federal Tort Claims Act, pursuant to 28 U.S.C. §2671 et seq., the Westfall Act, and the Civil

---

[2] Petitioner also filed several other documents with his petition that he appears to have submitted in support thereof. [Docs. 1, 1-1 through 1-5, 2, 2-1 through 2-8]. The only other documents relevant to the Court's determination here are found at Docket No. 2-8. The Court need not address Plaintiff's other filings.

3

Rights Act pursuant to 42 U.S.C. §1891 et seq.," [Doc. 2-4 at 2], against the United States and that he cannot bring such action until his claim is administratively adjudicated.[3] [Id.; see Doc. 2-8 at 4]. It appears that Petitioner intends to sue the United States Marshals Service for $21,000,000.00 for "trespass on the case, written defamation, malicious arrest, false imprisonment, and gross negligence" committed by U.S. Marshal law enforcement officers related to Petitioner's 1998 arrest. [See Doc. 2-8 at 4].

Petitioner argues that Brown's "testimony is crucial and not merely cumulative of other testimony because this witness is the sole person to have personal knowledge of the probable cause relied upon and triggering condition of the events that occurred on July 8, 1998, which led to petitioner being named in a Four Count indictment and subsequently arrested by currently unknown United States Marshals." [Id. at 5]. Petitioner further argues that Brown is the only witness "competent to explain his logicial [*sic*] interpretation of 18 U.S.C. §2119, and identify what rules, policies, and procedures he reasonably believed afforded him the administrative

---

[3] Petitioner submitted an administrative tort claim dated November 23, 2021, which was received by the United States Sentencing Commission on November 30, 2021 and forwarded to the Administrative Office of the Courts ("AO") and the Department of Justice ("DOJ"). [See Doc. 2-8 at 2-4]. It was ultimately determined that the DOJ would handle Petitioner's claim, which is expected to be administratively adjudicated in the coming months. [See id.].

discretion to charge petitioner with federal offenses in absence of a complaint, grand jury indictment, or required waiver of indictment." [Id.].

Petitioner contends that Brown's testimony "needs to be preserved because any prior out-of-court statement by this witness could be classed as hearsay, absence the condition of oath, cross exmination [*sic*], and demeanor observation, which would not be able to be adequately supplied by any later examination." [Id. at 5-6]. The Court will first address Petitioner's motion to proceed in forma pauperis.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner's affidavit shows that Petitioner has had an average monthly income of $0.00 during the past twelve months and that he expects to receive no income next month. [Doc. 4 at 1-2]. Petitioner reports having no monthly expenses. [Id. at 4-5]. Petitioner reports having no assets, no cash, no money in any bank account, and that no one relies on him for support. [Id. at 2-3]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III. ANALYSIS

Rule 27(a) of the Federal Rules of Civil Procedure provides that "[a] person who wants to perpetuate testimony about any matter cognizable in a

United States court may file a verified petition in the district court for the district where any expected adverse party resides." The petitioner must show:

- (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

- (B) the subject matter of the expected action and the petitioner's interest;

- (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

- (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

- (E) the name, address, and expected substance of the testimony of each deponent.

F. R. Civ. P. 27(a)(1). The Fourth Circuit has stated that "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." In re Application of Deiulemar Copagnia Di Navigazione v. M/V Allegra, 198 F.3d 473, 484 (4th Cir. 1999). Rule 27(a) is not intended as a substitute for discovery. Penn Mut. Life Ins. Co v. United States, 239 F.R.D. 291, 292 (D.D.C. 2007). Rather, a petitioner "must proffer evidence demonstrating that the individual whose testimony he seeks would be unavailable after the complaint is filed, for example, because of age or infirmity." Biddulph v. United States, 239 F.R.D. 291, 292 (D.D.C. 2007).

"[T]he Rule is a means for securing testimony that is in imminent danger of being lost because, for example a potential witness is old, sick, or planning to leave the country." Felder-Lucas v. Hunter, C/A No. 3:17-mc-205-TLW-SVH, 2017 WL 3530530, at *2 (D.S.C. May 23, 2017).

Petitioner's petition fails to meet the requirements of Rule 27(a) in multiple respects. As a preliminary matter, Petitioner has failed to verify his petition, which itself is sufficient grounds to deny it. What is more, Petitioner's contemplated lawsuit against the U.S. Marshals Service appears to be patently frivolous and, therefore, not cognizable in this Court. See In re Bernegger, No. 1:15cv1495, 2015 WL 13714171, at *1 (E.D. Va. Dec. 23, 2015). Moreover, the statute of limitations on Petitioner's putative claims is long expired. Even if the contemplated action were cognizable and even if AUSA Brown were a proper witness therein, Petitioner has wholly failed to allege or show any evidence suggesting a substantial danger that the requested testimony would be lost. To satisfy Rule 27(a), Petitioner must show that Brown would be unavailable after the complaint is filed due to, for instance, age or infirmity. Here, Plaintiff argues that prior out-of-court statements would be deemed hearsay and that "later examination" could not "adequately suppl[y] the opportunity for oath, cross examination, and "demeanor observation." [Doc. 2-4 at 5]. These grounds are facially

7

insufficient to satisfy Rule 27(a). Moreover, Plaintiff may file his complaint after adjudication of his administrative tort claim, which is expected to soon occur. Thus, there is no reason to believe, even absent Plaintiff's proffer of evidence to support his petition, that any testimony would be lost. The Court, therefore, will deny Petitioner's Rule 27(a) petition to perpetuate testimony.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny and dismiss Petitioner's Petition to Perpetuate Testimony. [Doc. 2-4].

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition to Perpetuate Testimony [Doc. 2-4] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed In Forma Pauperis [Doc. 4] is **GRANTED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate these proceedings.

**IT IS SO ORDERED**.

Signed: May 26, 2022

Martin Reidinger
Chief United States District Judge